MUBARAK MALIK (SBN 323314)
The Law Office of Mubarak Malik
The Immigration Advocate
4422 Temecula Street, Unit 2
San Diego, CA 92107
Telephone: (619) 363-2871
Email: Malik@TheImmigrationAdvocate.com

ANDREW Z. TAPP (FBN 68002)
Pro Hac Vice
*andrew@metropolitan.law*
Metropolitan Law Group, PLLC
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
Telephone: (813) 228-0658

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NISQUALLI STATION, INC., a California Corporation d/b/a BEVERAGE HOUSE LIQUOR #11**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> Defendant. | CASE NO. <br><br> **<u>COMPLAINT</u>** <br> **WITH EXHIBIT "A"** |

The Plaintiff, NISQUALLI STATION, INC., A CALIFORNIA CORPORATION D/B/A BEVERAGE HOUSE LIQUOR #11, by and through its undersigned counsel, hereby files this Complaint against the UNITED STATES OF AMERICA upon the grounds set forth herein, and in support thereof, states as follows:

## FACTUAL BACKGROUND

1. The Plaintiff is a retail food store in Los Banos, California, named NISQUALLI STATION, INC., A CALIFORNIA CORPORATION D/B/A BEVERAGE HOUSE LIQUOR #11

(hereinafter "Nisqualli"). The store is dedicated to the retail sale of primarily staple food items to the Plaintiff's customers.

2. Located in Los Banos, California, Nisqualli serves a community with a high percentage of households in the Supplemental Nutrition Assistance Program ("SNAP", formerly the "Food Stamp Program").

3. Accordingly, Nisqualli began accepting Electronic Benefit Transfers (or "EBT") to serve the local community better and increase its attractiveness to SNAP customers. These SNAP customers eventually became a substantial share of the store's total clientele, responsible for a substantial portion of the store's gross revenue on EBT alone. In addition to EBT, the SNAP clientele accounts for an even larger portion of the gross revenue as they conduct significant non-SNAP transactions as well for ineligible items.

4. On June 24, 2025, the USDA, through the Food and Nutrition Administration ("FNA" – previously known as the Food and Nutrition Service or "FNS"), issued a Charge Letter to the Plaintiff wherein the Store was charged by the Defendant for the sale of ineligible items on SNAP. The Defendant indicated they were seeking a six-month disqualification of the Plaintiff from the program.

5. The Plaintiff presented a defense against disqualification, but in a letter dated August 5, 2025, the Agency issued a six-month disqualification of the Plaintiff.

6. Accordingly, on August 13, 2025, the Plaintiff timely filed for an Administrative Review of the Department's decision to disqualify them for six months, as permitted by 7 C.F.R. §279, and presented arguments and evidence in support of their position. The Plaintiff took issue not only with the evidence that any violations of SNAP retailer policies had occurred but also with whether or not they were neglectful or careless in their operation of the store and oversight of the employees.

7. The Administrative Review Division of the USDA responded to the Plaintiff's appeal in a letter and opinion dated October 5, 2026. The USDA's Final Agency Decision is attached as Exhibit "A." The Plaintiff's administrative appeal was denied.

8. This Judicial Appeal has been filed timely and seeks the reversal of the USDA's current decision to disqualify the Plaintiff for six (6) months from participating as a SNAP retailer.

## JURISDICTION AND VENUE

9. The Plaintiff brings this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(c).

10. This Court has subject matter jurisdiction over the matters raised by the Plaintiff in this case pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7. Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

11. Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13), and 28 U.S.C. §1391(b) as this Plaintiff's business is owned and operated in Los Banos, Merced County, California and because the facts giving rise to the circumstances herein occurred in the United States District Court for the Eastern District of California.

## PARTIES

12. The Plaintiff, NISQUALLI STATION, INC., A CALIFORNIA CORPORATION D/B/A BEVERAGE HOUSE LIQUOR #11 operates at 547 W I St., Los Banos, California 93635-3474. NISQUALLI STATION, INC., A CALIFORNIA CORPORATION D/B/A BEVERAGE HOUSE LIQUOR #11, is referred to herein as "Nisqualli" and as "Plaintiff".

13. The Defendant, the UNITED STATES OF AMERICA, acting through its agency, the United States Department of Agriculture (hereinafter referred to as the "USDA" or

"Department"), and its subservice, the Food and Nutrition Administration (formerly known as the Food and Administration Service or "FNS").

## GENERAL ALLEGATIONS

14. The Supplemental Nutrition Assistance Program (SNAP) is a government program operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically as 7 U.S.C. §§2011-2036(c).

15. The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet the financial need requirements. SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based on the needs of their household. These benefits are transmitted to, and utilized by the participant, through an Electronic Benefits Transfer (EBT) card, which conceptually functions similar to a debit card.

16. The benefits are to be used by the participant only for the purchase of food and other eligible items sold by approved SNAP retailers, such as Nisqualli.

## SNAP VIOLATION REGULATIONS AND POLICIES

17. SNAP retailers are governed by the Defendant through 7 C.F.R. §278.6, which sets out the guidelines for disqualification or suspension of retailers who violate SNAP regulations and to some degree, defines what those violations are. In pertinent part, and relied upon by the Defendant in issuing the suspension in this case, is §278.6(5) and (6):

> "[The Department may] disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed ***violations*** such as but not limited to the sale of common nonfood items ***due to carelessness or poor supervision by the firm's ownership or management***." 7 U.S.C. §278.6(5) (2009) (emphasis added).

18. The regulation clearly requires multiple violative transactions, and draws a line between violations that result from an employee's malicious or incidental mistakes that occur despite reasonable efforts and oversight from ownership/management and those that result from

the poor handling of the company and its employees by the management/ownership. Effectively, the regulation seeks only to sanction those stores where the ownership or management has created an environment to permit violations to fester or occur uninhibited.

19. In this instant action, the Defendant has alleged that the Plaintiff committed transactions in which the Plaintiff is accused of selling ineligible common non-food item (also referred to as "minor ineligible items") in an Electronic Benefit Transfer (EBT) transaction. Such allegations were based upon unsworn statements of an unidentified investigator.

20. In all, the Charge Letter claims that the Plaintiff conducted violative transactions with the Contract Investigator, who is a *third-party* contractor for the Food and Nutrition Administration, United States Department of Agriculture.

21. Notably, neither the Charge Letter (which instituted the Agency action) nor the proceedings before the Administrative Review Office offered any evidence or allegation that the store's ownership or management was careless or neglectful in their supervision and operation of the store, nor was evidence provided showing such shortcomings in the oversight of the employees.

22. The store, in fact, did oversee its employees and provide SNAP training. At no time was the store's ownership or management neglectful or careless in the operation of the store.

23. As such, the determination that neglect or carelessness on the part of the management/ownership existed was without evidence of support and ultimately based on either insufficient information or arbitrary standards.

**ISSUANCE OF HARDSHIP CIVIL MONEY PENALTIES**

24. With respect to the issuance of Civil Money Penalties in lieu of suspensions, 7 U.S.C. §278.6 permits the Department to issue a hardship civil money penalty. As noted by the District of Oregon in *Plaid Pantry Stores, Inc. vs. U.S.*, 612 F.Supp. 680, 684 (D. Oregon 1985) in drafting the Food Stamp Act and the statutes upon which the Defendant now operates and under

which this case arises, "Congress believed that civil money penalties should be the normal penalty instead of disqualification."

25. Nevertheless, it appears that the Agency did not fully evaluate that option in this matter, nor did it consider a warning letter as provided under 7 C.F.R. §278.6(e)(7), where the violations were too limited to warrant further agency action.

## COUNT I: REQUEST FOR JUDICIAL REVIEW

26. The Plaintiff incorporates and restates each and every paragraph set forth above as though fully set forth herein.

27. The Plaintiff, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7, have the right to and hereby do, request a *trial de novo* judicial review of the six (6) month suspension issued by the Defendant against the Plaintiff.

28. The Defendant's initial determination, in addition to the Final Agency Decision rendered upon the Administrative Review, errantly found that the Plaintiff had committed SNAP regulation violations due to accepting SNAP benefits in exchange for "common ineligible non-food items."

29. The store denies that the transactions occurred as a result of managerial carelessness or poor supervision, and that the transactions occurred as described.

30. The Plaintiff's management and ownership have been diligent in operating the store and overseeing employees.

31. Even if the transactions had occurred as described by the Defendant, they were in no way the result of ownership of managerial carelessness or neglect. The store is thorough and careful in its training, but cannot be omniscient or omnipresent for every transaction.

32. Both the finding of a sale of ineligible items and that such sales were the result of managerial or ownership neglect or carelessness were erroneous and warrant reversal.

33. Furthermore, the Plaintiff has never been afforded an opportunity to cross-examine the third-party investigator, nor have they been permitted to review the Administrative Record and respond to the allegations and evidence set forth therein.

34. As such, the Defendant, acting through its department and sub-departments in the USDA, improperly and impermissibly suspended the Plaintiff from participation in SNAP for six (6) months.

35. Therefore, the six (6) month disqualification against the Plaintiff should be set aside by this Court in favor of the issuance of a warning letter, and the Plaintiff's status as an approved SNAP retailer should be reinstated.

**WHEREFORE**, the Plaintiff, NISQUALLI STATION, INC., A CALIFORNIA CORPORATION D/B/A BEVERAGE HOUSE LIQUOR #11, respectfully request this Honorable Court conduct a Judicial Review of the Defendant's six (6) month disqualification of the Plaintiff and subsequently enter Judgment against the Defendant for improperly disqualifying the Plaintiff for six (6) months, as well as awarding the Plaintiff the attorney's fees and costs incurred in this action.

## COUNT II: ARBITRARY AND CAPRICIOUS SANCTION

36. The Plaintiff hereby incorporates and restates paragraphs 1 through 25 above as though more fully set forth herein.

37. The Defendant has issued a series of internal policies which, in pertinent part, are designed to outline the system of punishments and sanctions for violations of the SNAP program by authorized retailers.

38. The policies themselves draw arbitrary lines between numbers of ineligible items and transactions, which fail to take into consideration the volume of visits made by an investigator or a confidential informant.

39. In any case, the Defendant lacked substantial evidence to indicate that the alleged violations arose to the level of carelessness and/or poor supervision on the part of the Plaintiff which would indicate a failure at the managerial level to supervise employees as required under the applicable regulations to support a six (6) month disqualification.

40. As such, the transactions qualify as inadvertent in nature, and given the other evidence in the administrative record, the Defendant's internal policies required a warning letter to be issued rather than a suspension.

**WHEREFORE**, the Plaintiff, NISQUALLI STATION, INC., A CALIFORNIA CORPORATION D/B/A BEVERAGE HOUSE LIQUOR #11, respectfully request this Court set aside the Defendant's suspension of the Plaintiff from participating in the SNAP program, as well as award the Plaintiff attorney's fees and costs incurred in this action.

**COUNT III: IN THE ALTERNATIVE, JUDICIAL REVIEW OF DENIAL OF CIVIL MONEY PENALTY**

41. The Plaintiff hereby incorporates and restates paragraphs 1 through 25 above as if more fully set forth herein.

42. The Plaintiff timely requested the Department to issue a Hardship Civil Money Penalty in lieu of a six (6) month disqualification, as the impact on the local community would be significant in the absence of Nisqualli's ability to accept EBT.

43. The Defendant subsequently denied the request, leaving the matter for Judicial Review pursuant to 7 U.S.C. §2023.

44. Review of the Defendant's decision to issue (or decline) a civil money penalty is subject to *de novo* judicial review so that the Court has the opportunity to evaluate the evidence independently. *See Affum v. U.S.*, 566 F.3d 1150, 1160 (D.C. Cir. 2009).

45. The Plaintiff qualifies for the issuance of a Hardship Civil Money Penalty in Lieu of a disqualification since its inventory selection and prices are superior to those retailers located

around it.

46. As such, the Plaintiff request this Court review their request for the issuance of a hardship civil money penalty as permitted by law and to issue said penalty if it is found to be appropriate, instead of any sanction resulting from the Court's decision in Count I of this Complaint.

**WHEREFORE**, the Plaintiff, NISQUALLI STATION, INC., A CALIFORNIA CORPORATION D/B/A BEVERAGE HOUSE LIQUOR #11, respectfully request this Honorable Court enter Judgment reversing the Defendant's decision not to issue a hardship civil money penalty and instead instruct the Defendant to issue such penalty in the event a suspension is upheld under Count I, as well as awarding the Plaintiff attorney's fees and costs incurred in this action.

This matter has been respectfully submitted to the Court by the undersigned attorneys and shall be served upon the Defendant in the manner prescribed by the Federal Rules of Civil Procedure and in 7 U.S.C. §2023, as will be evidenced by the proof of service filed with the Court hereafter.

Dated: October 21, 2026

Respectfully submitted,

*/s/ Mubarak Malik*

MUBARAK MALIK (SBN 323314)
**THE LAW OFFICE OF MUBARAK MALIK**
**THE IMMIGRATION ADVOCATE**
4422 Temecula Street, Unit 2
San Diego, CA 92107
Telephone: (619) 363-2871
Email: Malik@TheImmigrationAdvocate.com

-and-

Andrew Z. Tapp, Esq.
Florida Bar Number: 68002
*Pro Hac Vice*[1]
Metropolitan Law Group, PLLC
1971 W. Lumsden Road, #326

[1] Application for Pro Hac Vice to be filed promptly.

Brandon, Florida 33511-8820
Telephone: (813) 228-0658
Fax: (813) 330-3129
Email: Andrew@Metropolitan.law

**COUNSEL FOR PLAINTIFF**

**Exhibit A**

**Exhibit A**

Owner Name: Maida Maida, Munem Maida
Store Name: Beverage House Liquor # 11
Store Address: 547 W I St
City: Los Banos
State: California
ZIP: 93635-3474
Case Number: C0301419
Case Type: Term Disqualification
Final Agency Decision: Sustained
Date: 10/5/2026

**Beverage House Liquor #11, Appellant**
**v.**
**Office of Retailer Operations and Compliance, Respondent**

## FINAL AGENCY DECISION

The U.S. Department of Agriculture (USDA), Food and Nutrition Administration (FNA), formerly Food and Administration Service (FNS), finds that there is sufficient evidence to support the determination by the Retailer Operations Division to impose a six-month disqualification against Beverage House Liquor # 11 ("Appellant") from participating as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP).

## ISSUE

The purpose of this review is to determine whether the Retailer Operations Division took appropriate action, consistent with Title 7 of Code of Federal Regulations (CFR) § 278.6(e)(5) in its administration of SNAP when it imposed a six-month period of disqualification against Appellant on August 5, 2025.

## AUTHORITY

According to 7 U.S.C. § 2023 and its implementing regulations at 7 CFR § 279.1, "A food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may . . . file a written request for review of the administrative action with FNS."

## CASE CHRONOLOGY

The USDA investigated the compliance of Appellant with federal SNAP law and regulations during the period of May 19, 2025 to June 1, 2025. The investigative report documented personnel at Appellant's firm accepted SNAP benefits in exchange for ineligible merchandise on one occasion. As a result of evidence compiled during this investigation, by letter dated June 24, 2025, the Retailer Operations Division charged ownership with violating the terms and conditions of the SNAP regulations at 7 CFR § 278.2(a) and noted the violations warranted a six-month disqualification period. The letter also stated that Appellant was not eligible for a civil money penalty (CMP) in lieu of a disqualification. Additionally, Appellant was given 10 days

from receipt of the letter to provide a response. The record indicates that Appellant responded to the charge letter on June 30, 2025, July 31, 2025 and August 4, 2025.

After reconsidering the evidence and Appellant's responses, the Retailer Operations Division notified Appellant in a letter dated August 5, 2025, that the violations cited in the charge letter occurred at the firm and that a six-month period of disqualification was warranted.

By email dated August 13, 2025, Appellant, through its representative, requested an administrative review of the Retailer Operations Division's determination. The request was granted, and implementation of the disqualification has been held in abeyance pending completion of this review. Appellant also sent a second email that same day containing supporting information.

## STANDARD OF REVIEW

In an appeal of an adverse action, Appellant bears the burden of proving by a preponderance of evidence that the administrative action should be reversed. That means Appellant has the burden of providing relevant evidence that a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the argument asserted is more likely to be true than untrue.

## CONTROLLING LAW

The controlling law in this matter is contained in the Food and Nutrition Act of 2008, as amended (7 U.S.C. § 2021), and implemented through regulation under Title 7 CFR Part 278. In particular, 7 CFR § 278.6(a) and (e)(5) establish the authority upon which a six-month disqualification may be imposed against a retail food store or wholesale food concern.

Section 278.6(e)(5) of the SNAP regulations states, in part, when a firm is to be disqualified for six months:

> If it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management.

7 CFR § 278.6(a) states, in part:

> FNS may disqualify any authorized retail food store . . . if the firm fails to comply with the Food and Nutrition Act of 2008, as amended, or this part. Such disqualification shall result from a finding of a violation on the basis of evidence that may include facts established through on-site investigations, inconsistent redemption data, evidence obtained through a transaction report under an electronic benefit transfer system . . . .

In addition, 7 CFR § 278.6(f)(1) provides for civil money penalty (CMP) assessments in lieu of disqualification in cases where disqualification would cause "hardship" to SNAP households benefit because of the unavailability of a comparable participating food store in the area to meet

their shopping needs. It reads:

> FNS may impose a civil money penalty as a sanction in lieu of disqualification when . . . the firm's disqualification would cause hardship to SNAP households benefit because there is no other authorized retail food store in the area selling as large a variety of staple food items.

## APPELLANT'S CONTENTIONS

Appellant's responses regarding this matter are essentially as follows:

- The was a single, unintentional violation that occurred because of an error in the POS system.
- Appellant has subsequently fixed the above mentioned error in the POS system.
- A six-month disqualification would pose a hardship to the business.
- A six-month disqualification would pose a hardship to SNAP participants who rely on the store.

These explanations may represent only a brief summary of Appellant's contentions. However, in reaching a decision, full consideration has been given to all contentions presented, including any others that have not been specifically listed here. Appellant attached to his request for review a letter and receipts from the POS company.

## ANALYSIS AND FINDINGS

This review examines the relevant information regarding the Retailer Operations Division's determination. Once the Retailer Operations Division establishes a violation occurred, Appellant bears the burden of providing relevant evidence to support a conclusion, considering the record as a whole, that the disqualification should be reversed. If this is not demonstrated, the case will be sustained. Without supporting evidence and rationale, assertions that the firm has not violated program rules do not constitute valid grounds for overturning the determination.

This review examines the relevant information regarding the Retailer Operation Division's determination. Once the Retailer Operations Division establishes a violation occurred, Appellant bears the burden of providing relevant evidence to support a conclusion, considering the record as a whole, that the disqualification should be reversed. If this is not demonstrated, the case will be sustained. Without supporting evidence and rationale, assertions that the firm has not violated program rules do not constitute valid grounds for overturning the determination.

In this case, the report of investigation documents that the charges of violations are based on the findings of a formal USDA investigation. A complete review of this documentation has yielded no known error or discrepancy. The investigation report is specific and thorough regarding the dates of the violations, the critical facts related thereto and is supported by documentation that confirms details of the transactions. The Retailer Operations Division has thoroughly documented the transactions in which personnel at the store exchanged ineligible items for SNAP benefits.

The FNS investigative report documents by a preponderance of the evidence that an employee working at the Appellant firm accepted SNAP benefits for ineligible nonfood items on one occasion in violation of Section 271.2 of the SNAP regulations. The investigation report documents by a preponderance of the evidence that store employees engaged in the misuse of SNAP benefits as noted in Exhibit A, warranting a disqualification as a SNAP retail food store for a period of six months.

As stated above, in an appeal of an adverse action, the Appellant bears the burden of proving by a preponderance of evidence that the administrative action should be reversed. That means the Appellant has the burden of providing relevant evidence that a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the argument asserted is more likely to be true than untrue. In this matter Appellant has not provided any evidence that the sale of ineligible goods did not occur. In fact, Appellant admits that a mistake occurred. Consequently, this review finds, by a preponderance of the evidence, that program violations did occur as charged by the Retailer Operations Division and a six-month disqualification is warranted. The balance of this review will address Appellant's remaining contentions.

The Appellant first contends that this was a single, unintentional violation that occurred because of an error in the POS system. Actual compliance, such as when items are improperly coded, occurs when cash register staff are properly trained to know the difference between eligible and ineligible items. Technical errors in the point-of-sale system is not a valid reason to reverse or modify the disqualification determination. Furthermore, Ownership bears the responsibility for clerks who permit impermissible SNAP transactions. When ownership signed the FNS application to become a SNAP authorized retailer, this included a certification and confirmation that Appellant would "accept responsibility on behalf of the firm for violations of the SNAP regulations, including those committed by any of the firm's employees, paid or unpaid, new, full-time or part-time." The violations listed on this certification document include selling ineligible non-food items. Regardless of whom the ownership of a store may use to handle store business, ownership is accountable for the proper handling of SNAP benefit transactions.

Appellant states that the POS system was fixed following the violations and submitted receipts as evidence. In regard to these statements, this review has no authority to consider any subsequent remedial actions, such as fixing faulty equipment, that may have been taken or that will take place so that a store complies with program requirements. There are no provisions in the SNAP regulations for a waiver or reduction of an administrative penalty on the basis of alleged or planned corrective actions implemented after the discovery of program violations. Accordingly, the Appellant's remedial actions do not provide a valid basis for dismissal or modification of the disqualification determination.

Appellant also states that a six-month disqualification will cause damage to its business. It is recognized that economic hardship is a likely consequence whenever a store is disqualified from participation in SNAP and this review acknowledges Appellant's position. However, there is no provision in the SNAP regulations for a waiver or reduction of an administrative penalty assessment based on economic hardship resulting from imposition of such penalty. Thus, Appellant's contention that it will be economically harmed based on the assessment of an

administrative penalty does not provide any valid basis for dismissing the charges or for mitigating the penalty imposition.

Appellant further asserts that imposing a six-month period of disqualification will impose a hardship on customers using SNAP benefits. 7 CFR § 278.6(f)(1) reads, in part, "FNS may impose a civil money penalty as a sanction in lieu of disqualification when . . . the firm's disqualification would cause hardship to [SNAP] households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." The Retailer Operations Division determined that there are 33 similar authorized stores located within a ten mile radius of Appellant. Thus, in its letter dated June 24, 2025, the Retailer Operations Division concluded that a hardship CMP would not be appropriate, as there are other authorized retail stores in the area selling as large a variety of staple foods at comparable prices.

This review acknowledges Appellant's argument and that some degree of inconvenience to SNAP customers is inherent whenever any SNAP authorized retailer is disqualified. For example, the normal shopping pattern of SNAP customers may be temporarily altered during the period of disqualification. Nevertheless, the determination of the Retailer Operations Division that the six-month disqualification of Appellant from the SNAP program would not create a hardship to customers, as differentiated from potential inconvenience, is sustained and a civil money penalty in lieu of disqualification is not appropriate in this case. Additionally, this review does not see any pricing advantage to Appellant store considering the availability of similar or better-stocked firms for Appellant's customers.

## CONCLUSION

Based on the discussion above, the determination by the Retailer Operations Division to impose a disqualification of six months against Beverage House Liquor # 11 from participating as an authorized retailer in SNAP is sustained.

In accordance with the Food and Nutrition Act, and the regulations thereunder, this penalty shall become effective thirty (30) days after delivery of this letter. A new application for participation in SNAP may be submitted ten (10) days prior to the expiration of the six-month disqualification period.

## RIGHTS AND REMEDIES

Applicable rights to a judicial review of this decision are set forth in 7 U.S.C. § 2023 and 7 CFR § 279.7. If Appellant desires a judicial review, the complaint must be filed in the U.S. District Court for the district in which Appellant's owner resides, is engaged in business, or in any court of record of the State having competent jurisdiction. This complaint, naming the United States as the defendant, must be filed within thirty (30) days of delivery of this decision. The judicial filing deadline is stipulated by statute; FNA has no authority to grant an extension.

Under the Freedom of Information Act, we are releasing this information in a redacted format as appropriate. FNA will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.

David A. Shively

Digitally signed by David A. Shively
Date: 2026.10.05 11:12:50 -04'00'

David A. Shively
Administrative Review Officer
USDA, Food and Nutrition Administration
Administrative and Judicial Review Branch
5601 Sunnyside Ave.
Beltsville, MD 20705
SM.FN.SNAP-ARB@usda.gov